In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-19-00191-CR
NO. 09-19-00192-CR
_____

AUSTIN BLAKE CATES, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 159th District Court
Angelina County, Texas
Trial Cause Nos. 2018-0698; 2018-0700

## MEMORANDUM OPINION

The State indicted Austin Blake Cates for crimes resulting from three separate criminal transactions: Burglary of a Habitation, Robbery, and Possession of a Controlled Substance. [1] *See* Tex. Penal Code Ann. §§ 30.02(a),(d), 29.02. On March 11, 2019, Cates pled no contest to the charge of Burglary of Habitation and guilty to

_____

[1] Cates does not appeal his conviction for Possession of a Controlled Substance.

1

the charge of Robbery without the benefit of a plea agreement.[2] At the hearing, the trial court admonished Cates that he had a right to a jury trial and that by pleading guilty to the charges, he was waiving his right to appeal his guilty convictions. Cates also signed written plea admonishments that were admitted into evidence.

On April 25, 2019, after conducting a bench hearing as to punishment, the trial court sentenced Cates to serve 15 years of incarceration in the Institutional Division of the Texas Department of Criminal Justice for Burglary of Habitation, and 18 years of incarceration for Robbery. The trial court also ordered that the sentences run concurrently. The trial court certified that this was not a plea-bargain case as to punishment and that Cates had the right of appeal. Cates timely filed notices of appeal in each of the two cases.

The attorney appointed to represent Cates in his appeal filed an *Anders* brief which asserted that the attorney diligently reviewed the record and found no meritorious claims on which to appeal Cates's sentences and that any appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 744–45 (1967); *High v. State*, 573 S.W.2d 807, 810–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel served Cates with a copy of the *Anders* brief filed on his behalf. This Court notified Cates of his right

---

[2] The trial court combined all of Cates's cases at his plea hearing and later heard evidence regarding punishment for all cases in one hearing.

to file a *pro se* response, as well as the deadline for doing so. This Court did not receive a *pro se* response.

We have independently reviewed the record, and we agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record that arguably might support an appeal. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) (stating that the reviewing court must determine whether arguable grounds for review exist). The Court concludes it is unnecessary for us to order appointment of new counsel to re-brief this appeal. *Cf. id.* As no arguable grounds exist to support the appeal, we affirm the trial court's judgment.[3]

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on December 16, 2019
Opinion Delivered January 22, 2020
Do Not Publish

Before McKeithen, C.J., Kreger and Johnson, JJ.

---

[3] Cates may challenge our opinion in this case by filing a petition for discretionary review. *See* Tex. R. App. P. 68.